

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Opinion No. O-1631
                             Re: Whether an instrument
                                 which does nothing more
                                 than reduce the interest
                                 rate on a note secured
                                 by deed of trust, is
                                 subject to stamp tax

        We are in receipt of your letter of October
25, 1939, wherein you request our opinion in response
to the following question:

        "Is an instrument subject to the
    note tax which is not a deed of trust
    and which is not an extension of a
    deed of trust, but merely reduces the
    interest provided for in an obligation
    secured by a deed of trust which deed
    of trust was recorded before the en-
    actment of Article 7047e?"

        Article 7047e, Vernon's Annotated Civil Stat-
utes, as amended by the 46th Legislature, reads in part
as follows:

        "(a)  Except as herein otherwise
    provided there is hereby levied and
    assessed a tax of Ten (10¢) Cents on
    each One Hundred ($100.00) Dollars or
    fraction thereof, over the first Two
    Hundred ($200.00) Dollars, on all notes
    and obligations secured by chattel mort-
    gage, deed of trust, mechanic's lien
    contract, vendor's lien, conditional
    sales contract and all instruments of

a similar nature which are filed or re-
corded in the office of the County Clerk
under the Registration Laws of this
State; provided that no tax shall be
levied on instruments securing an amount
of Two Hundred ($200.00) Dollars, or less.
After the effective date of this Act, ex-
cept as hereinafter provided, no such in-
strument shall be filed or recorded by
any County Clerk in this State until there
has been affixed to such instrument stamps
in accordance with the provisions of this
section; * * *"

Statutes of this nature have not been before
the courts frequently for construction, and no decision
has ever been written concerning Article 7047s, either
as originally enacted or as amended by the 46th Legis-
lature.

The Texas statute differs in many respects
from any other similar statute which we have had oc-
casion to read. However, a careful reading of this
enactment, we believe, makes the answer to your ques-
tion plain. It is noted that no attempt is made to
levy the stamp tax upon any kind of an instrument ex-
cept one creating a lien of some nature. Specifically,
a release is not required to be stamped. If the instru-
ment does nothing more than reduce the interest rate
upon an obligation secured by a deed of trust, then
the same is more in the nature of a release than an
instrument creating a lien. It does not fall within
the statute, and your question is given a negative
answer.

The affirmative answer given in our opinion
No. 0-1485 to your second question had reference to a
deed of trust, and not to an instrument doing nothing
more than reduce the interest rate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 2, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:LW

APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN